HARRIET S. FERDON AND WILLIAM FERDON, AS EXECU-
TORS, ETC., OF JOHN W. FERDON, DECEASED, RESPONDENTS, v.
HENRY Y. CANFIELD, APPELLANT.

*Policy of insurance — assignability of one which is made payable to the children of
the insured.*

On November 17, 1873, one Samuel W. Canfield assigned to the plaintiffs' testator, to procure a loan of $3,000, a policy of insurance on the tontine savings fund plan, issued to him on October 17, 1873, by which the insurance company agreed to pay $25,000 to the children of Canfield, who were named in it, share and

share alike, and also agreed upon the completion of the tontine period, pro-vided the policy should not have previously terminated by lapse or death, to give to the legal holder of the policy certain options.

Subsequently, and in the year 1877, before the expiration of the tontine period, the policy was assigned by the children named in it, and by the insured to the defendant herein, and possession of it was then given to and has since been retained by him, and all premiums since falling due thereunder have been paid by him. The policy having become due each of the assignees claimed to be entitled to receive the amount to be paid thereunder.

*Held*, that the defendant was entitled to receive it.

APPEAL from a judgment of the Special Term, entered upon the trial of this action by the court without a jury.

*Oscar Frisbie*, for the appellant.

*A. & A. X. Fallon*, for the respondents.

BRADY, J. :

The Equitable Assurance Society of the United States issued on the 17th of October, 1873, a policy of insurance on the tontine savings fund plan upon the life of Samuel W. Canfield, for the sum of $25,000, by the terms of which the premium of $1,009.25 was to be paid annually during the continuance of the policy; and the society agreed and promised to pay the amount of the assurance to the children of Canfield, who were named in it, share and share alike, upon the proper proofs of death; and further, that upon the completion of the tontine period, provided the policy should not have terminated previously by lapse or death, to give the legal holder of the policy certain options.

On the 17th of November, 1873, Canfield obtained a loan of $3,000 from John W. Ferdon, and assigned to him the policy as collateral security for that sum, with interest, and notice of such assignment was given to the insurers. Subsequently, and in the year 1877, before the expiration of the tontine period, the policy was assigned by the children named in it and by the insured to the defendant herein, and possession of it given him. On the 19th of August, 1883, the policy became due according to its terms, and. the first assignee, Ferdon, sought to get the amount from the society, and made a demand for it, but payment was refused, and he thereupon commenced an action in this court to compel payment.

The defendant also commenced an action against the society to compel payment to him, and the society thereupon instituted proceedings to relieve themselves by payment of the sum into court, leaving the disputants to settle their controversy between themselves.

The defendant upon the trial testified that he took an assignment of the policy in June, 1877, and paid all the premiums after that date. The insured then testified that when the policy was assigned to the defendant it was delivered to him. And the defendant then stated that he had possession of the policy all the time he was paying the premiums. He had previously said that when the assignment was executed by the insured over $6,000 had been loaned to the assignor by him.

No proof was offered to show that Ferdon, the first assignee, had made or offered to make any payment of any of the premiums, but the defendant offered to show by one of the children of the insured and assignor that in a conversation she had with him he surrendered to her, for her father, the policy in controversy, stating that it was not of any benefit to him as the premiums were not paid, and would not be if they were not paid. This evidence was objected to because she was one of the assignors, and rejected. Nevertheless it appears, as we have seen, that the defendant had possession of the policy and paid the premiums for several years and up to its maturity on the tontine plan.

The question to be considered on this appeal, as eliminated by the facts and circumstances detailed, is therefore whether the assignment of the policy to Ferdon by the insured alone accomplished a valid transfer of the policy and the benefits to be derived from it, or to state the question differently, whether the society having promised to pay to the children of the insured, an assignment of the policy by the insured alone would deprive them of the policy and its benefits.

The only cases bearing upon this question which have been found after a somewhat elaborate search are those of *Bickerton* v. *Jaques* (decided in this department and reported in 28 Hun, 119); and *Ruppert* v. *Union Mutual Insurance Company* (7 Robt., 155).

In the first case it appeared that one Henry R. Jaques procured a policy of insurance upon his life for $2,000, payable upon his death to his sister Elizabeth. She died during his lifetime.

Thereupon he surrendered the policy and took out another for the same amount, payable upon his death to his nephew David. He retained the policies in his possession, paying the premiums falling due upon the first one, and allowing the dividends declared upon the second to be applied to the payment of the premiums accruing upon it.

The administrator of Elizabeth Jaques, for whose benefit the first policy was obtained, denied the right of the insured to make the surrender of the first policy, and therefore of David Jaques to the benefit to be derived from the second policy. The learned justice, in examining the question presented, said that no decisive authority had been found by him, the cases affecting the right of a person obtaining the policy to surrender it and receive another in a different manner having generally arisen under the statute made for the benefit of the widow and children which were not applicable to the controversy, because the statute was not broad enough to include them. And the learned justice determined that the transaction should be governed by the intention of the person obtaining the insurance, so far as it was capable of being gathered from the attending circumstance, and held that the insured did not intend to place the insurance irrevocably beyond his control, because he paid the premiums upon it and retained possession of the policy himself. The learned justice thought that the primary and substantial purpose of the insured was to secure the means of sustaining his sister after his own decease, and as that purpose was defeated he was at liberty to deal with the insurance as he himself deemed to be proper. And the conclusion arrived at was that the administrator of Elizabeth was not entitled to any portion of the moneys springing out of the policy.

In the second case cited the pleadings and evidence established that Valentine Ruppert procured an insurance of $2,000 upon his own life for the benefit of his three children, naming them, which sum was to be paid to the insured or his executors, administrators or assigns; and that Ruppert, by his last will and testament, gave and devised the policy of insurance in question to his executors in trust for certain purposes. The question presented was whether the children named in the policy did or did not take a vested estate or interest in the sum insured, upon and by the delivery of the

policy to that amount. It was held that the children, and not the executors, were entitled to the fund in question, and the executors were defeated in their claim therefore.

In this case, as we have seen, the assignment to Ferdon was executed by the insured and by him only. By the terms of the policy nothing was to be paid to the insured, but to the children, and Ferdon took the assignment with notice of the character of the agreement made. In addition to this it is established that the premium was paid by the subsequent assignee, whose assignment was executed not only by the insured but by the children, for whose benefit the policy was secured, the policy being in his possession over the period during which he made the payments of the premium and, indeed, up to the time of the trial.

The value of the assignment to Ferdon of course, if it had any value, depended upon the payments of the premium by the insured, which, from the time of the assignment to the defendant, were not made by him, and it may be inferred from the facts and circumstances attending the relations between the defendant and him that he had not the means to pay. If the beneficiaries had died, under the authority of *Bickerton* v. *Jaques* (*supra*), the insured would have the right to surrender the policy and change it, and, therefore, that authority established a certain degree of control over the policy. But the control is regulated by the intention, according to the views of the learned justice who delivered the opinion in that case.

The intention of the insured in relation to the policy herein in controversy was that his children named should have the benefit of it, and that intention has not been departed from, so far as the policy itself in its form is concerned, although the attempted assignment of it would indicate an intention that it should be employed in payment of his obligations. The case of *Ruppert* v. *Union Mutual Insurance Company* (*supra*) is accepted as the better solution of the question herein, inasmuch as it determines the right of the assured, *i. e.*, the persons to whom payments under the policy were to be made — to the benefit of the insurance as vested right secured by the policy. This seems to be not only in accord with the intention of the insured, but the necessary result from the form of the policy itself, with regard to the payment of any sum that might become payable under its provisions.

For these reasons it is thought the assignment to Ferdon is, under the circumstances, not available to his representatives; and that the judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

DAVIS, P. J., concurred.

DANIELS, J. (dissenting):

The policy was issued on the 19th of August, 1873. On the first of November following, Samuel W. Canfield, who took out the policy, assigned it to John W. Ferdon, plaintiffs' testator, to secure the sum of $3,000. At that time it does not appear to have passed out of his possession or to have been delivered by him to or for either of the persons named in it as the assured. It is to be presumed that he then retained possession of the policy himself and was entitled to control or dispose of it. And the assignment of it to the testator was an effectual transfer of it to him by way of security. The defendant acquired his assignment of it afterwards, and after it had been delivered to the persons named as the assured, and necessarily subject to the preceding assignment to the testator. The court held the testator's title superior to that of the defendant. And that under these circumstances seems to have been warranted.

The judgment should be affirmed.

Judgment reversed, new trial granted, costs to abide event.